UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHAMEKA A. SOUVENIR,

                                    Plaintiff,

                                                          **OPINION & ORDER**

        - against -
                                                           No. 20-CV-9335 (CS)

KECIA A. JORDAN and ROCKLAND
COACHES, INC.,

                                    Defendants.
------------------------------------------------------------x

<u>Appearances</u>:

Peter D. Baron
Law Offices of Peter D. Baron, PLLC
Melville, New York
*Counsel for Plaintiff*

Christina A. Marshall
Wilson Elser Moskowitz Edelman & Dicker LLP
White Plains, New York
*Counsel for Defendants*

<u>Seibel, J.</u>

        Before the Court are letter motions asking the Court to determine what fees should be

paid to each side's expert witnesses for their depositions.  (ECF Nos. 39-42.)

## I.      **BACKGROUND**

        This case involves a collision between a vehicle owned by Defendant Rockland Coaches

and driven by Defendant Kecia Jordan and a vehicle driven by Plaintiff.  (ECF No. 1-1 ¶¶ 4-13.)

The case was originally filed in state court on December 5, 2019, (ECF No.1-1), where

Defendants answered on January 8, 2020, (ECF No. 1-2).  The parties engaged in discovery,

(ECF No. 1 ¶¶ 6-8), before Defendants removed the action to this Court on November 6, 2020,

(ECF No. 1).

On December 4, 2020, I held an initial conference, (*see* Minute Entry dated Dec. 4, 2020), after which the parties engaged in further discovery, the schedule for which was extended several times, (*see* ECF Nos. 14, 20, 25, 29).  Eventually the parties agreed to binding arbitration to resolve this matter, but they notified the Court that there was an outstanding issue regarding fees to be paid to their experts for depositions.  (ECF No. 37.)  I held a conference and directed the parties to submit simultaneous letter briefs on the issue.  (*See* Minute Entry dated Mar. 14, 2022.)  Those letter briefs, in which Defendants seek to set a reasonable fee for their deposition of Plaintiff's expert Dr. Robinson, (ECF No. 39), and Plaintiff seeks to set a reasonable fee for her depositions of Defendants' experts Dr. Sherman and Dr. Coyne, (ECF No. 40), as well as the parties' respective response letters, (ECF Nos. 41, 42), are currently before the Court.

## II.    <u>DISCUSSION</u>

Under Fed. R. Civ. P. 26(b)(4)(E), "[a]n expert witness is entitled to reasonable compensation for her time spent preparing for and attending a deposition noticed by an opposing party."  *Polidora v. D'Agostino & Assocs.*, No. 19-CV-1290, 2022 WL 443791, at *1 (S.D.N.Y. Feb. 14, 2022); *see Broadspring, Inc. v. Nashed*, 683 F. App'x 13, 15-16 (2d Cir. 2017) (summary order).  Flat fees are generally considered unreasonable; "[i]nstead, compensation should be based on a reasonable hourly rate."  *Marin v. United States*, No. 06-CV-552, 2008 WL 5351935, at *1 (S.D.N.Y. Dec. 22, 2008).  Whether an expert's fee is reasonable depends on:

> (1) the witness's area of expertise, (2) the education and training that is required to provide the expert insight that is sought, (3) the prevailing rates for other comparably respected available experts, (4) the nature, quality and complexity of the discovery responses provided, (5) the cost of living in the particular geographic area, (6) the fee being charged by the expert to the party who retained him, (7) fees traditionally charged by the expert on related matters, and (8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*Polidora*, 2022 WL 443791, at *1 (cleaned up).  "The party seeking to be reimbursed bears the burden of demonstrating that the fee sought is reasonable." *Korabik v. Arcelormittal Plate LLC*, 310 F.R.D. 205, 206 (E.D.N.Y. 2015).

Although each of the three experts here wished to charge a flat fee, neither party seeks to require the other to pay that flat fee.  Rather, the parties each seek a reasonable fee but disagree on the reasonable hourly rate for each expert and, in some cases, the amount of time for which the expert should be compensated.

### A.    Dr. Robinson

Dr. Robinson was Plaintiff's treating physician.  He is board-certified in both (1) physical medicine and rehabilitation and (2) electrodiagnostic medicine, with a separate sub-certification in pain management.  (ECF No. 39-1 at 16:18-18:4.)  Dr. Robinson attended Tufts University School of Medicine, completed his residency in physical medicine and rehabilitation at the Walter Reed National Military Medical Center, and is currently the President of the Ramapo Valley Surgical Center in Ramsey, New Jersey.  (ECF No. 41-1 at 1-2.)  He did not complete a fellowship.  (ECF No. 39-1 at 16:9-11.)  Dr. Robinson was deposed for three hours and forty-one minutes, and the parties agree that he spent one hour preparing for the deposition.  (*See* ECF No. 39 at 1-2; ECF No. 41 at 2.)  His deposition was conducted over videoconference and required no travel.  (*See* ECF No. 39-1 at 1.)

Dr. Robinson was brought into this case as Plaintiff's treating physician, and Plaintiff states that he required prepayment of a $5,000 flat fee as a condition of his deposition testimony. (ECF No. 41 at 1.)  Plaintiff has already paid that flat fee, but she seeks to recover from Defendants a reasonable hourly fee for Dr. Robinson's time spent preparing and being deposed. (*Id.*)  Defendants argue that a reasonable rate for Dr. Robinson is $300 per hour, and further

argue that he should be compensated for one hour of preparation plus three and one-half hours (rounding down) of deposition time.  (ECF No. 39 at 2.)  They further argue that his deposition fee should be reduced by 16 percent to account for questions posed in the deposition by Plaintiff's counsel.  (*Id.*)  This comes out to a total fee of $1,182.  Plaintiff argues that an appropriate rate for Dr. Robinson is $400 per hour, and they round up his deposition time to four hours.  (ECF No. 41 at 2.)  Adding in the one hour of prep time, Plaintiff requests a total fee for Dr. Robinson of $2,000.  (*Id.*)

Regarding Dr. Robinson's rate, neither party provides authority regarding a reasonable expert fee for an expert in Dr. Robinson's specific field, and the Court likewise has not located any such authority.  Defendants cite as analogous a $350 per hour fee awarded in 2014 to an anesthesiologist who was licensed but not board certified, *Bryant v. Carlisle Carrier Corp.*, No. 13-CV-578, 2014 WL 12834477, at *2 (E.D.N.Y. Nov. 14, 2014), a $400 per hour fee awarded to an orthopedic surgeon in 2020, *Ey v. Sam's E., Inc.*, No. 17-CV-551, 2020 WL 2415560, at *3 (S.D.N.Y. May 12, 2020), and a $350 fee awarded to a psychiatrist in 2007, *United States v. N.Y. Metro. Transp. Auth.*, Nos. 04-CV-4237, 04-CV-2331, 2007 U.S. Dist. LEXIS 45474, at *6 (E.D.N.Y. June 22, 2007).  They argue that because Dr. Robinson did not complete a fellowship and does not perform surgery as part of his practice, his rate should be below these examples at $300.  (ECF No. 39 at 2.)  Plaintiff requests a $400 fee but fails to cite any authority to support that rate.  (ECF No. 41 at 2.)

In recent years courts in other parts of the country, where the cost of living is lower, have concluded that a rate as high as "$500 per hour is within the range of reasonable payment for a treating physician's testimony."  *In re Am. Med. Sys., Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. 12-CV-9084, 2017 WL 1090029, at *3 (S.D.W. Va. Mar. 21, 2017) (collecting cases).

Given Dr. Robinson's experience and training, and the range of comparable fees awarded, I find that the requested $400 per hour is a reasonable fee for Dr. Robinson.

As to the amount of time for which Dr. Robinson should be credited, Defendants do not cite any authority for the proposition that I should discount the portion of the deposition during which Plaintiff's counsel asked questions.  Moreover, Rule 26(b)(4)(E) provides that the "party seeking discovery" must "pay the expert a reasonable fee for time spent in responding to discovery."  Fed. R. Civ. P. 26(b)(4)(E)(i).  "Time spent responding to discovery" includes all "time spent preparing for and *attending* a deposition noticed by an opposing party," *Polidora*, 2022 WL 443791, at *1 (emphasis added), without limitation as to who asks questions at any point in the deposition.  Accordingly, Dr. Robison should be compensated for his full deposition time, approximately 3.75 hours, and one hour of preparation, at the rate of $400 per hour, for a total of $1,900.

### B.     Dr. Sherman

Defendants' orthopedic expert, Dr. Sherman, is a board-certified orthopedic surgeon. (ECF No. 42-2 at 1.)  He attended medical school at George Washington University, completed a residency in orthopedic surgery at New York University, and completed dual fellowships in sports medicine and arthroscopic surgery at the Southern California Orthopedic Institute.  (*Id.*) Dr. Sherman was deposed for just over two hours and spent one hour preparing for the deposition.  (*See* ECF No. 42-1 at 13:20-14:2.)  Dr. Sherman's deposition was conducted over videoconference and required no travel.  (*See id.* at 1.)

Dr. Sherman requested a flat fee of $8,000 for his deposition.  (ECF No. 40 at 3.) Plaintiff proposes a rate of $400 per hour for Dr. Sherman's time preparing for and attending his deposition, for a total of $1200.  (ECF No. 40 at 3; ECF No. 41 at 1.)  Defendants request $500

per hour.  (ECF No. 42 at 2.)  There is authority from recent years that anywhere from $400 to $500 per hour may be appropriate for an orthopedic surgeon.  *See Addison v. Gordon*, 338 F.R.D. 577, 579 (S.D.N.Y. 2021) (awarding orthopedic surgeon $500 per hour for deposition testimony and preparation); *Ey*, 2020 WL 2415560, at *3 (noting that authority supports a $400 per hour award for orthopedic surgeons); *Korabik v. Arcelormittal Plate LLC*, 310 F.R.D. 205, 208 (E.D.N.Y. 2015) (collecting cases for the proposition that "[i]n [the Eastern] district, expert orthopedic surgeons consistently have been awarded $400 per hour" but awarding $475 per hour to orthopedic surgeon) (cleaned up).  Given this authority and Dr. Sherman's field of expertise, education, and training, I find a rate of $450 per hour is reasonable for Dr. Sherman's two hours of deposition time and one hour of preparation, for a total of $1,350.

### C. Dr. Coyne

Defendants' radiology expert, Dr. Coyne, is a board-certified radiologist.  (ECF No. 42-4 at 2.)  He attended medical school at the State University of New York, Downstate Medical Center, and completed a residency in diagnostic radiology at the Medical College of Virginia. (*Id.*)  His experience includes service as the Chief Surgeon for the Suffolk County Police Department from 1992 to present.  (*Id.* at 6.)  Dr. Coyne was deposed for just under one and a half hours.  (ECF No. 40 at 3.)  He testified at his deposition that he did two prep sessions with Defendants' counsel, totaling roughly one hour.  (ECF No. 42-3 at 10:8-22, 11:12-12:15.) Defendants state that Dr. Coyne represented to counsel that he spent two hours preparing, (ECF No. 42 at 2), but as this representation is not backed up by testimony or some other sworn statement, and appears to be disputed, (*see* ECF No. 41 at 1), the Court will only credit him for the one hour of preparation reflected in his deposition testimony.  Dr. Coyne's deposition was conducted over videoconference and required no travel.  (*See* ECF No. 42-3 at 1.)

The parties only cite one recent case involving fees paid to a radiologist, *Bryant v. Carlisle Carrier Corp.*, No. 13-CV-578, 2014 WL 12834477, at *3 (E.D.N.Y. Nov. 14, 2014) (awarding radiologist, who was Director of the Department of Radiology at Lenox Hill Hospital, $450 per hour), and the Court has not located any others.  Acknowledging both that this precedent is eight years old and that the radiologist in *Bryant* had a leadership position at a well-regarded hospital, a fee of $450 per hour is reasonable for Dr. Coyne's one-and-a-half-hour deposition and one hour of preparation, for a total of $1,125.

**III.**   **CONCLUSION**

For the foregoing reasons, the Court finds that the parties' experts are entitled to the following reasonable fees for their respective depositions:  Dr. Robinson is entitled to $1,900; Dr. Sherman is entitled to $1,350; and Dr. Coyne is entitled to $1,125.

**SO ORDERED.**

Dated: October 21, 2022
        White Plains, New York

_____
        CATHY SEIBEL, U.S.D.J.